All right, we're ready to proceed to our last case of the day. So Mr. Adams, whenever you're ready. May it please the court. I am Brent Adams, the Harnett County, North Carolina, bar here on behalf of the defendants, Dr. Ibrahim Oudeh and his wife, Teresa. This is a case that arose from a civil lawsuit by the government against Dr. and Mrs. Oudeh, alleging violations of the False Claims Act. After some period of discovery and litigation, the case was settled with the Oudehs not, the settlement specifically stated there was no admission of liability, however the Oudehs did surrender some $3 million or so of real estate and liquid assets. And this agreement was reached on April the 20th, 2020. And as an additional provision of this settlement agreement, the Oudehs agreed to, or Dr. Oudehs agreed to sign a conditional consent judgment in the amount of $5,500,000. The specific terms of the agreement was that the judgment would not be recorded in a public record, but would be held unless and until the U.S. attorney had reasonable grounds to believe that either the defendants, either one of them, either failed to disclose their assets or made material false representations with respect to the settlement or the nature and extent of their assets. Now, this conditional judgment set in the U.S. attorney's office from April the 20th, 2020. It was a valid consent order, but it was not recorded pursuant to the agreement of the parties. Then on April the 11th, 2022, the United States attorney caused the judgment to be recorded. And the Oudehs then, so the judgment was recorded against the Oudehs. Now, we did file a Rule 60 motion contesting the judgment. However, that was denied by the trial court in Oudeh 1. It was affirmed by this court just recently. And we... So how is your argument different now than in that first appeal in which you already lost? Well, we did make an allegation that the U.S. attorney violated the agreement and that the judgment was invalid because the conditions preceding it to its recording were not complied with. Well, are those conditions preceded, were they in writing? Yes. Yes, they were. Okay. Where is that in the record? I cited in my brief, I can't readily recall, but it was in writing and it was approved by the court. Those proceedings, it specifically said that the conditions were that the U.S. attorney must have reasonable basis to believe that the information was, that the assets were not fully disclosed or that the either party misrepresented the facts about the settlement or the assets. So, counsel, if you're, I mean, assume you're right that you adequately disclose those things and it was wrong for the government to file the notice. Um, you challenged that in the first case and I think the settlement agreement or the stipulation or something, you know, says you would have been required to because the court was retaining jurisdiction over compliance with the agreement. So, why do you get to do it again in a second case when you've done it first time and the agreement was that the jurisdiction was retained in the prior case? Well, the reason, if Your Honor pleases, is that the proceed with the lack of due process, the inability to call witnesses, the inability to have discovery. But the court, you raised that too. And the court, you asked for discovery and the court ruled on it and you appealed and we affirmed that. So, I mean, all that could be wrong and I know it's unsatisfying, but it seems like that was part of what you raised. Well, I believe, yes, Your Honor, that's true. However, the issue now is in OD2, the trial court ruled that there was a race judicata. And basically, the court's order itself shows on page 7, the trial court specifically said that the United States relies on OD1 for its preclusive effect. So, and then it says the first OD1 produced a final judgment on the merits. And then two, that second, neither party disputes that OD1 concerns the same cause of action. We would say, if Your Honor pleases, that the denial of the Rule 60 motion is not a final judgment. The final judgment here was the judgment that was entered back in the Senate of the parties on April 20, 2020. So, you think if you make a motion, you've got a final judgment, and then you make a motion to amend that judgment that's denied, that that doesn't create claim preclusion? It does not. It's not a preclusive. It's not a final judgment that can support a, does not have a preclusive effect because it's not a final judgment. The judgment itself stands. And as a matter of fact, the entry of the judgment itself is one of the, was one of the evidentiary facts we have to show in order to support our claim for relief. Now, before this judgment was entered- What are you arguing before us that you did not argue in OD1? Well- Anything? We did, we did argue, we did argue some of the things we're arguing here. However- All of the things you're arguing here. And the effect of that, the effect of- If there's something that you're arguing here that is different than what you argued in OD1, that's what I'd like to know. You said some of the things, and I think it may have been all of the things. But if I'm wrong, if there's something you're arguing in front of us now that you didn't argue in OD1, now would be a good time to tell us. Well, I believe you're right, Joanna. We did make all those arguments. Okay, so then your only argument is, or what your basis as to why you can, why that's not claim preclusion is because, in your view, Rule 60, Rule 60 motion does not lead to a final judgment. Is that correct? That's correct. We congeniality are that the, that the preclusive of, the denial of the Rule 60 motion was simply an affirmation of the rule, of the original consent order. And we can see the consent order was valid, but that's different. The difference is, Judge, that we made no counterclaim in our Rule 60 motion. It was an attack on the judgment, which was denied, so the judgment stands. And so here- What if, so your point is not any sort of, this is a different, I mean, you're doing something here. You're just saying technically, to apply res judicata, you've got to have a final judgment. A final judgment. And a Rule 60 motion doesn't count for one. It does not count as a preclusive offense. Do you have a case that supports that? Or is that just kind of common, not common sense, but just naturally by the very nature of that type of rule? I do not have a case on that. I think you're conflating claim preclusion and issue preclusion in this. I think you're conflating the two. Issue preclusion applies when the case is actually litigated. Claim preclusion only requires a valid and final judgment. We have a valid and final judgment here, don't we? We have a valid and final judgment that even if we were to win on our counterclaim, the judgment would still be valid. It would still be sitting in the U.S. Attorney's Office to be recorded in the event that they one day would find that the defendants have violated that order. But this case is about claim preclusion, not issue preclusion, isn't it? Well, I think with either one, it has to be based upon a final judgment. No. Well, I think the distinction is one is actually litigated. In this case, it wasn't litigated. It was settled. But our counterclaim did not exist until April 11, 2022, when the U.S. Attorney caused the judgment to be recorded. We had no claim when OD1 was argued. We had no claim. The claim did not exist. I'm sorry. When OD1 was decided, we had not made the claim. In fact, your position is you reserved it. And the agreement was that you would be able to assert failure to comply with it. Yeah. Right? Yes. But what about the fact that does it matter? I don't know if this is a ratio to cut effect or a practical effect. But if the district court retains jurisdiction to handle any disputes about compliance with the settlement agreement, does that matter at all? I mean, it seems to me, you know, I used to appear in front of Judge Floyd a lot when he was a district court judge. And if we have settlement agreement and he retained jurisdiction over the settlement agreement, and I brought a new case, he might not like that. And he might have a good reason not to like that. Now, here I went to the same court, so maybe no harm, no foul there. But do you even get to bring another case when the court retains jurisdiction of that? Yes, Your Honor. And here's why. In this case, the judge specifically ordered that this was entered without prejudice to the defendant's right to bring an additional action for breach of contract because of the allegation that the U.S. attorney violated the terms of the consent order, violated the terms of the settlement. That's why we could bring a separate action. And that's why we did not bring a separate action until... And it was responsive, right? It was a counterfeit. Yes, there are separate actions with the counterfeit. And no cause of action. We did not have a cause of action until April 11, 2022 for breach of contract. All right. You have some time in rebuttal, Mr. Adams. Thank you. Thank you, Your Honor. My name is Neil Fowler, Your Honor. Your Honors, I represent the interests of the United States in this matter. As the court has focused the primary issue in this case is res judicata, I'll address the other issues as the court directs. Obviously, res judicata applies. This is claim preclusion. I'll start with Judge Foy's question, if I may. There were three documents. There's a settlement agreement, which is at JA-118. There's a consent order that implemented that, which is at JA-115. And because of the complications of writs of garnishment and writs applied, there's a third order implementing, which is at JA-406. Those are the three documents that are issued here. Two of them refer specifically to the United States seeking to enter the consent judgment if certain conditions were met. We had to reasonably determine that they violated the specifics of that consent order in the settlement agreement, and they did, in fact, violate those agreements. They had to provide financial statements that were complete, accurate, and current, and they clearly did not. There was evidence presented to the judge on that. I don't mean to cut you off on that, but I think, and I may be wrong, at least from my standpoint, this comes more down to the question of whether the litigation in the Rule 60B context is enough to satisfy the final judgment requirement of claim preclusion. Yes, Your Honor. And there's an interesting debate about what they reserved and what you reserved, and did one kind of gut the other? With all that, that's kind of interesting to me. But for sure, the district court considered all the arguments that your colleague is making now. He's essentially conceded that. And so the question, it seems to me, is whether doing that in the context of a Rule 60 motion satisfies the final judgment. It comes after the judgment. Kind of instinctively to me, it would be incorporated retroactively into it. But I may be wrong on that. I don't have any authority for it. Do you got any authority on that point? We do not have authority. This is such a unique situation, Your Honor. I don't believe there is such authority. But we agree with you completely. The consent judgment that was affirmed in the court's order on the motion to set aside is the final judgment. The consent judgment they actually agreed was a final judgment. That was part of the consent order. They specifically agreed that that would be a final order if entered. And in fact, was the final order entered. The motion to set aside that the court considered and ruled on, he did hear evidence. That was a question that the court had. They presented evidence in affidavit. We present affidavit. They had other documents they attached, including the financial statements. So all that was considered when he ruled on this issue of whether we violated the settlement agreement. Judge Dever found that we did not. So to answer your question, Your Honor, that goes back to the finality of the consent judgment that was entered. It was conditional initially. But because it was triggered specifically by the consent order and the settlement agreement, it became the final judgment, Your Honor. And he contested that the answer to that consent order said it should be set aside in his Rule 60B motion. Absolutely. Considered by the court and denied. Correct. And now he's trying to file a counterclaim. Correct. There was a narrow exception both in the settlement agreement that I referred to and the consent order that allowed him to only challenge whether or not we violated the settlement agreement by not reasonably determining that the financial statements were not complete, accurate, and current. So you don't have any quarrel that that's a right he has a right to assert. They carved it out, Your Honor. We agreed to that. Yes, Your Honor. You started arguing why you rightfully filed it. He had a right to challenge that. That narrow issue. But he specifically waived any kind of due process arguments, any rights to jury trial, any other rights were specifically waived in those documents, Your Honor. The consent order specifically. And that's cited, too, in our brief. I can give that to you again if you'd like. And all that stuff you just said was either considered or reconsidered at the time the 60B motion was heard and denied. Yes, Your Honor. And I would correct slightly. Judge Thacker's question was whether they raised any new issues in this OD2, as I call it. They actually raised less issues, Your Honor, because in OD1, they raised all these due process arguments, all these discovery issues. In the response to our motion to dismiss the counterclaim, they did not raise all these issues. We argued that they were waived because they did not raise them in OD2 in the proper context. So they did not, not only did not raise new issues, they raised less issues that have already been decided by this court in May, which we pointed out, Your Honors. It would seem, neither one of you have a case on this, which is interesting, but it would seem, I mean, you know, Rule 60 motions aren't like things that never happen, and courts have grounds in those, and, you know, OD appealed that. We affirmed it. It would just seem a pretty significant thing for us to say motions to amend the judgment aren't wrapped up into the final judgment in some way. I have it right, I'm not articulating the exact way they do, but, you know, it seems to me built into the finality is the ability to make a chance to amend it, and if you make a, and if you, you know, have, if you pursue that route, as happened here, you pursued it in the judgment that, in the case that was entered, and the final judgment there is kind of what is the res judicata judgment. We agree, Your Honor. We do not believe there is written authority specific on this point. It is a fairly unique situation, and it may be helpful to have a written opinion guiding us on this, but our view is. This seems like fairly unique litigation too, so. It was very, well, and hopefully we're coming close to the end at this point, Your Honor, but it's our view that that consent judgment that was entered by the court based on what the settlement agreement and the consent order said is the final judgment. There was one avenue to challenge it, which they pursued, and they failed in that, and so it would relate back, as the court indicated earlier, to the consent judgment, and the orders and the settlement agreement make very clear that the only thing they can challenge is whether we violate the terms of the settlement agreement, and we did not. To answer another question, there was no evidence. That you may have. The point is, I'm not saying you did, but even if you did, he brought that, and there was a ruling on that. There was evidence presented. The court actually pointed out that they did not present adequate evidence to meet the arguments that we made and the affidavit that we made and the statements we made, and so the court ruled on it. We believe there should be finality there, Your Honor. You only get one shot, one bite of the apple, as you well know. The rest of your time says that. You can't come back a second time. They could have brought it differently. Instead of a motion to set aside, they could have tried to bring it in that first case or as a separate action. They chose not to. Whatever avenue they choose, they only get one, and so they certainly shouldn't come back to the court today in OD2. Well, I'm not sure he gave you the answer to my question, but he did cite Arizona versus California, which stands for the proposition that issue preclusion attaches only when an issue is actually litigated and determined by valid and final judgment. That's true, but in this case, it's not. This case is about claim preclusion. Absolutely, Judge Floyd. This is all claim. Raised you to come against him. Absolutely. This is claim preclusion. They specifically raised whether or not we violated the settlement agreement in OD1. They raised it again in OD2, the exact same claim. Let me be precise. They raised the same claim, same parties, and final judgment, which they agreed was the final judgment, so they meet all three requirements of res judicata, Your Honor, for claim preclusion, which is what this is. There was some confusion, but this is definitely claim preclusion. If there are no other questions, let me wrap up. We think this is clear. The litigation, OD2, was to collect on the judgment that was entered properly, and we believe the court should affirm and avoid the waste of further judicial resources so we can collect on this judgment against Dr. Odie. Thank you very much for your attention. All right. Thank you. May it please the court. In answer to, I believe, Judge Floyd's question about did they have a right to file answer, to file a separate claim. And on Joint Appendix 141, we quoted the trial judge from the consent order, of course, stipulation of the dismissal in court order provides that, quote, but the defendants are not waiving defenses to collection efforts, nor are the defendants waiving the ability to initiate an action alleging that they are entitled to relief because the plaintiffs have violated the settlement agreement by filing the notice. So I think the important part is, and then the condition of the consent judgment was that the government must reasonably determine that one or both of the individual defendants failed to disclose assets and income in sworn financial statements provided to the government in this action or made material misrepresentations to the government regarding settlement or assets to this case. So, and that's found on Joint Appendix page 121. So, in further answer to or response to Judge Thacker's question about, well, did you allege the same thing? We would contend, if the court pleases, that this is a different claim. This is a counterclaim against the government, a civil counterclaim against the government for breach of contract. That did not exist in OD1. What existed in OD1 was our attempt to nullify the effect of the judgment insofar as the assets of Dr. and Mrs. Odie, as far as the judgment against them. That consent judgment, which we rely upon, without the consent judgment, one of our essential elements of our consent judgment is, of our counterclaim, is the consent judgment itself. That our counterclaim did not arise until February, until April, I think, April 11, 2024, when the U.S. attorney caused the judgment to be recorded. That is when our claim existed, became in effect. That is when our claim arose. It did not arise in OD1. That's the difference. And, you know, the cases clearly say that for an issue preclusion to allow, whether issue preclusion or claim preclusion, there must be a final judgment. Now, it's clear that Judge Dever, when he ruled that the dismissal of our case based upon race judicata, was relying on the consent judgment. He said, this court ordered, the United States relies upon OD1 for its preclusive effect. And our cause of action, the complaint, the counterclaim did not arise until 2024, when the U.S. attorney caused the judgment to be recorded. And the judgment would be effective as a consent judgment consistent with the agreement of the parties, even after, if we were allowed to pursue our counterclaim and win, the judgment is still there, but it would not be recorded. It would be stricken from the record. That's what our request would be, but it would still be there for the U.S. attorney. It would still be effective. So we don't contend now that the judgment was an invalid judgment. Certainly it was, because our clients, Dr. Mezzotti, agreed to it. So there's a, so that's a different issue than existed during OD1. Although we admit that in OD1, we did allege that the defendant violated the consent, that the plaintiff violated the consent judgment, the consent agreement. Also, there was, it's apparent from both OD1 and OD2 that we were not afforded any due process rights. We were not allowed to introduce evidence. We're not allowed to call witnesses. We're not allowed to do discovery. And for that reason alone, the order dismissing our counterclaim should be reversed and we should be allowed to proceed to trial on the merits of our claim. Well, let me ask one final, I hate to drag, is your argument that what they violated, your clients did not ever want that judgment recorded. Is that what you're saying? Yes, that was it. How in the world would they ever enforce the judgment if they can't get it recorded? Well, they were not allowed to inform. But Dr. Mezzotti gave up some $3 million worth of assets. That was what the government got. Plus, they said as a final kicker, and I wasn't involved in that part of the litigation, but as a final kicker, the government said, well, we agree with this, but we also want you to sign this conditional consent judgment for $5.5 million. We're not going to record it so long as you told us the truth about everything. So long as you've provided all of your assets, we won't record it. It'll just be like it didn't happen. But we've got it in case we find out that. And our contention is that the U.S. attorney had no reasonable basis to make a determination that either they didn't include all of their assets in the financial statements or that they misrepresented somehow. That's our position. Thank you very much. All right. Thank you. Judge Quattlebaum and I will come down and greet counsel, and then if counsel will come up and greet Judge Floyd, and we'll adjourn court for the day. This honorable court stands adjourned until this afternoon. God save the United States and this honorable court. Thank you.
judges: Stephanie D. Thacker, A. Marvin Quattlebaum Jr., Henry F. Floyd